Anthony D. Prince (SBN # 202892)
General Counsel, California Homeless Union/Statewide Organizing Council
Law Offices of Anthony D. Prince
2425 Prince Street, Ste. 100
Berkeley, CA 94705
Tel: 510-301-1472

Attorneys for Plaintiffs

UNITED STATES COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUSALITO/MARIN COUNTY CHAPTER OF THE CALIFORNIA HOMELESS UNION, et al, <br><br> Plaintiffs <br><br> vs. <br><br> CITY OF SAUSALITO et al, <br><br> Defendants. | Case No.: 3:21-cv-01143-EMC <br><br> **PART 2 to SUPPLEMENTAL DECLARATION OF ANTHONY D. PRINCE IN REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS'** *EX PARTE* **APPLICATION FOR INJUNCTIVE RELIEF** <br><br> Date: February 23, 2021 <br> Time: 1:30 pm <br> Courtroom: Zoom Videoconference <br><br> Judge: Hon. Edward M. Chen |

### Part 2: SUPPLEMENTAL DECLARATION OF ANTHONY D. PRINCE

The following is a true and correct statement based on personal knowledge and otherwise upon information and belief which I believe to be true.

1. I, Anthony D. Prince, am an attorney licensed in the State of California and the Eastern, Northern Districts and the Ninth Circuit Court of Appeals. I currently represent Plaintiffs in the above-captioned matter.

2. In the Supplemental Declaration filed this morning, I neglected to include the following photographs and emails which depict 1) the "storage lockers" recently installed in Marinship Park and 2) Email correspondence with Opposing Counsel Arthur Friedman. True and correct copies of these photographs and documents are attached hereto.

Executed at Berkeley, California        /s/ Anthony D. Prince

DATED: February 22, 2021

Part 2 to Supplemental Declaration of Anthony D. Prince

California Homeless Union, et al. v. City of Sausalito, et al.

From: Anthony Prince (princelawoffices@yahoo.com)

To: afriedman@sheppardmullin.com; amerritt@sheppardmullin.com

Date: Wednesday, February 17, 2021, 07:04 PM PST

Counsel: I have not yet had an opportunity to spend significant time reviewing Defendants' respective responses to our *Ex Parte* Application.

I spent two hours this morning at Dunphy Park and Marinship Park. I took many photographs and took notes on my own observations and background supplied by our members.

I will send a comprehensive report to you tomorrow, but I can confirm the following:

1. All twelve of the cages are open, including the front, which is most subject to the elements and the sides. These uncovered cages are therefore subject to potential contamination by materials placed in adjacent cages. In addition, it would not be difficult for anyone to use a small bolt cutter or hacksaw to breach adjacent cages from the sides, see in advance what they might want to steal and simply take it. Access to and theft of smaller items stored in an adjacent cage could be accomplished without cutting through the cross wires by reaching into the wide spaces between them or using a device of kind to grab and pull small or easily compressed items through the open spaces. For this reason, the padlocks would not prevent vandalism and theft committed by anyone. Since the campers would be forced out of the park from dawn till dusk, they would be unable to police their items. During the night, as campers are asleep in their tents, the same thing could happen. Is it the intention of the City to have the cages guarded round the clock? Finally, it appears no consideration has been given to exposing to public view items that an owner would prefer not to be seen by others.

Attaching a cover to the front, sides --and, in the case of the upper row-- to the bottoms, will not solve this problem. For one thing, given that the cages appeared shoved into the space provided, there is little, if any, room for anything to be firmly affixed to the now exposed tops, sides and fronts, and even if there was, to fully enclose the cages would severely limit ventilation such that items within could be subject to mold or other toxic materials that tend to grow in enclosed, poorly ventilated containers.

2. My visit to Marinship Park confirmed much of information provided in our declarations and supporting documents regarding the hazards of fiberglass and lead-based paint dust. Although no boat crushing was taking place, there was a wind of approximately 20 -25 miles per hour, causing a small American flag and tree branches approximately 20 -30 feet from where a large dumpster, a partially crushed boat, other potentially toxic materials and the heavy equipment used to do the crushing all stood. There is no question that even in what would be considered a light breeze, let alone the kind of strong breeze, gale force winds and gusts I was told regularly blow from the bay and towards what would be the encampment, carrying with them toxins from the boat crushing operation. In fact, it is possible that members of the general public using the park or in surrounding areas have for years been routinely exposed to such hazardous materials with absolutely no cautionary signage in this City-owned park or other measures to advise the public of such risk. In any event, whether on the grassy areas, the parking lot or any other surface, the relocation of the Dunphy Park campers to this area, under the conditions described herein, is unacceptable.

My inspection and conversations with plaintiffs and others disclosed many other serious concerns, which I will present in a follow up report that will include the photographs and videos I took and additional signed statements from people who have been in the park, observed the crushing operation, the dust is generated and how it moves across the park in an unpredictable manner.

Again, I want to emphasize that we do not reject out of hand a resolution of this case that would entail relocation of my clients, possibly including at some point, Marinship Park. However until the City formally announces suspension of the ordinance, at least as it impacts the Dunphy Park encampment, talks cannot take place or pause our efforts to obtain a TRO/PI or consider a pause in litigating the underlying constitutional and statutory claims.

Very truly yours,

Anthony Prince,
Attorney for Plaintiffs

2.



Anthony D. Prince (SBN # 202892)
General Counsel, California Homeless Union/Statewide Organizing Council
Law Offices of Anthony D. Prince
2425 Prince Street, Ste. 100
Berkeley, CA 94705
Tel: 510-301-1472

Attorneys for Plaintiffs

## UNITED STATES COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUSALITO/MARIN COUNTY CHAPTER OF THE CALIFORNIA HOMELESS UNION on behalf of itself and those it represents; ROBBI POWELSON; SHERI l. RILEY; ARTHUR BRUCE; MELANIE MUASOU; SUNNY JEAN YOW; NAOMI MONTEMAYOR; MARK JEFF; MIKE NORTH; JACKIE CUTLER and MICHAEL ARNOLD on behalf of themselves and similarly situated homeless persons,<br><br>        Plaintiffs<br><br>        vs.<br><br>CITY OF SAUSALITO; MAYOR JILL JAMES HOFFMAN; POLICE CHIEF JOHN ROHRBACHER; CITY MANAGER MARCIA RAINES; DEPT. OF PUBLIC WORKS SUPERVISOR KENT BASSO, individually and in their respective official capacities,<br><br>        Defendants. | Case No.: 3:21-cv-01143-EMC<br><br>**PART 2 to SUPPLEMENTAL DECLARATION OF ANTHONY D. PRINCE IN REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION FOR INJUNCTIVE RELIEF**<br><br>Date: February 23, 2021<br>Time: 1:30 pm<br>Courtroom: Zoom Videoconference<br><br>Judge: Hon. Edward M. Chen |

### SUPPLEMENTAL DECLARATION OF ANTHONY D. PRINCE

The following is a true and correct statement based on personal knowledge and otherwise upon information and belief which I believe to be true.

1. I, Anthony D. Prince, hereby declare that I am an attorney licensed in the State of California and admitted to the federal court in the Northern and Eastern Districts as